# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 19-790V
Filed: September 16, 2024
UNPUBLISHED

| | |
|---|---|
| CAROL CULWELL,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Special Master Horner |

*Curtis R. Webb,* Attorney at Law, Monmouth, OR, for petitioner.
*Neil Bhargava,* U.S. Department of Justice, Washington, DC, for respondent.

**DECISION**[1]

On May 30, 2019, petitioner filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2012), alleging that she suffered transverse myelitis ("TM") as a result of her seasonal influenza ("flu") vaccination that she received on May 26, 2016. (ECF No. 1.) For the reasons discussed below, petitioner's petition is now dismissed.

## I.    Procedural History

This case was reassigned to the undersigned on August 28, 2019. (ECF Nos. 11-12.) Respondent filed his Rule 4(c) Report on September 16, 2021, recommending against compensation. (ECF No. 35.) Petitioner initially had a supportive expert medical opinion to support her claim, having filed an expert report on January 11, 2023. (ECF No. 47; Exs. 11.) However, respondent subsequently filed two expert reports in

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

1

rebuttal on May 30, 2023. (ECF Nos. 50-51; Exs. A-D.) Thereafter, on September 15, 2024, petitioner filed a motion to dismiss this case, explaining that after review of respondent's expert reports and a re-review of petitioner's MRI scans, her expert could no longer support the alleged transverse myelitis diagnosis underlying her claim. (ECF No. 60.)

## II. Discussion

To receive compensation in the Vaccine Program, petitioner must prove either (1) that she suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that she suffered an injury that was actually caused by a covered vaccine. *See* § 300aa-13(a)(1)(A); § 300aa-11(c)(1). In this case, no "Table Injury" was alleged in this case nor was there any evidence in the record to support such injury, leaving only a cause-in-fact claim. To satisfy her burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). The Vaccine Act prohibits the undersigned from ruling for petitioner based solely on his allegations unsubstantiated by medical records or medical opinion. § 300aa-13(a)(1).

"Because causation is relative to the injury, a petitioner must provide a reputable medical or scientific explanation that pertains specifically to the petitioner's case, although the explanation need only be 'legally probable, not medically or scientifically certain.'" *Broekelschen v. Sec'y of Health & Human Servs.*, 618 F.3d 1339, 1345 (Fed. Cir. 2010) (quoting *Knudsen v. Sec'y of Health & Human Servs.*, 35 F.3d 543, 548-49 (Fed. Cir. 1994)). Here, although petitioner has provided an expert opinion asserting that the flu vaccine can cause transverse myelitis, her expert has disclaimed support for petitioner's own transverse myelitis diagnosis and the record evidence does not otherwise preponderate in favor of such a diagnosis. Accordingly, petitioner's expert report is inapposite her own condition and does not support her burden of proof with respect to causation in fact. The remaining record does not contain preponderant evidence that petitioner's condition was vaccine-caused or in any way vaccine-related.

Petitioner filed a motion to voluntarily dismiss this claim on September 15, 2024. Pursuant to Vaccine Rule 21(b)(1), "[t]he special master or the court may dismiss a petition or any claim therein at the petitioner's request on terms that the special master or the court considers proper by issuance of a decision pursuant to 42 U.S.C. § 300aa-12(d)(3)." Accordingly, the undersigned **GRANTS** petitioner's Motion for Decision Dismissing Petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

### III. Conclusion

This case is now **DISMISSED**. The clerk of court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

                                                **s/Daniel T. Horner**
                                                Daniel T. Horner
                                                Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.