# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-790V
Filed: December 22, 2025

|  |  |
|---|---|
| CAROL CULWELL,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Special Master Horner |

*Curtis R. Webb*, Attorney at Law, Monmouth, OR, for petitioner.
*Gabrielle Manganiello Fielding*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On May 30, 2019, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ("Vaccine Act"). (ECF No. 1.) Petitioner alleged that she suffered transverse myelitis as a result of her May 26, 2016 influenza ("flu") vaccination. (*Id.*) On September 16, 2024, the undersigned issued a decision dismissing the petition. (ECF No. 61.) On April 18, 2025, petitioner filed a motion seeking an award of attorneys' fees and costs. (ECF No. 65.) Petitioner seeks $96,244.99, including $84,292.35 for attorneys' fees and $11,952.64 for attorneys' costs. (*Id.* at 2.)

Respondent filed his response on June 24, 2025. (ECF No. 68.) Respondent defers to the court as to whether the statutory requirements for an award of attorneys'

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

1

fees and costs have been met. (*Id.* at 2.) Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorney's fees and costs." (*Id.* at 5.)

The undersigned has reviewed the billing records submitted with petitioner's request. (ECF No. 65-1.) In the undersigned's experience, the request appears reasonable overall, and the undersigned finds no cause to reduce the requested hours or rates. Additionally, pursuant to Vaccine Rule 13(a)(3), "[t]he failure of respondent to identify with particularity any objection to a request for attorney's fees and costs may be taken into consideration by the special master in the decision." The costs also appear to be reasonable and sufficiently documented.[3] (ECF Nos. 65-2, 65-4.)

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 300aa-15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards a lump sum of $96,244.99, representing reimbursement of attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel of record, Curtis R. Webb's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

*s/Daniel T. Horner*
Daniel T. Horner
Special Master

---

[3] Respondent suggested in his motion response that the expert hourly rate requested in this case is higher than what has typically been awarded and therefore requested a case-specific determination. (ECF No. 68, pp. 4-5.) Petitioner's sole expert was Dr. Lawrence Steinman, who billed at a rate of $550 per hour for work performed in 2022 and 2023 based on an invoice generated in January of 2023. (ECF No. 65-4.) I find this rate to be reasonable and consistent with prior awards. *E.g.*, *Morrison v. Sec'y of Health & Human Servs.*, No. 18-386V, 2023 WL 1873254, at *7 (Fed. Cl. Spec. Mstr. Feb. 10, 2023); *Calohan v. Sec'y of Health & Human Servs.*, No. 20-572V, 2025 WL 2506262, at *6 (Fed. Cl. Spec. Mstr. Aug. 5, 2025).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.